UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, et al., )
                               )
            Plaintiffs,        )
                               )
      vs.                      )       No. 4:08-CV-546 (CEJ)
                               )
ARROW TRENCHING, INC.,         )
                               )
            Defendant.         )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for an order of accounting, following entry of default against defendant Arrow Trenching. Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Welfare, Pension, Vacation, and Training trusts), their trustees (collectively, the plans), and the Local Union Nos. 42-53-110 and the Laborers International Union of North America AFL-CIO (the union). They seek an order compelling defendant to submit to an audit for the period of January 1, 2005, to the present.

According to the affidavit of Bernard Difani, an administrative manager for the plans, defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement entered into on March 31, 2004. Defendant was served with the summons and complaint on May 7, 2008,

and has not filed an answer or otherwise appeared in this matter. The Clerk of Court has entered default against the defendant.

Plaintiffs have moved, pursuant to Rule 55(b)(2), Fed. R. Civ. P., for an order compelling defendant to submit to an audit for the purposes of determining the amount of damages. Plaintiffs have established that defendant is bound by the terms of a collective bargaining agreement with the union. The agreement requires that defendant submit contributions to the funds and authorizes plaintiffs to examine defendant's financial records to ascertain whether the required contributions were made. The only means by which plaintiffs can determine the amount owed is through such financial compliance examination.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [#6] is **granted**.

**IT IS FURTHER ORDERED** that defendant Arrow Trenching, Inc., shall, not later than **July 21, 2008**, produce for inspection by plaintiffs or plaintiffs' designated accountant, all payroll registers and other documents reflecting or pertaining to all hours worked by, and wages paid to, employees of Arrow Trenching, Inc., from January 1, 2005 to the present.

_____<br>
CAROL E. JACKSON<br>
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2008.