UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, et al., )
 )
        Plaintiffs, )
 )
   vs. ) No. 4:08-CV-546 (CEJ)
 )
ARROW TRENCHING, INC., )
 )
        Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendant Arrow Trenching, Inc., pursuant to Rule 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were served on defendant on May 7, 2008. Defendant did not file an answer or other responsive pleading or seek additional time to do so. Upon plaintiffs' motion, the Clerk of Court entered default against defendant on June 10, 2008.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Relations Management Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are four employee benefit plans (the Welfare, Pension, Vacation, and Training funds), their trustees (collectively, the plans), and the Local Union Nos. 42-53-110 and the Laborers International Union of North America AFL-CIO (the union). Defendant Arrow Trenching is a party to a collective bargaining agreement with the Union. Plaintiffs contend that defendant failed to make timely contributions to the plans as

required under the terms of the collective bargaining agreement. They seek $86,768.12 in delinquent contributions, $17,353.70 in liquidated damages, and $2,323.10 in interest. Plaintiffs additionally seek $819.00 in attorney's fees, $925.00 in payroll examination fees, and $399.36 in court costs. Thus, plaintiffs seek judgment in the total amount of $108,588.28.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On March 1, 2004, defendant and the Union entered into a collective bargaining agreement which remains in effect until March 1, 2009. The collective bargaining agreement obligates defendant to make contributions to the Welfare fund (§ 5.03), the Pension fund (§ 5.04), the Vacation fund (§ 5.05), and the Training fund (§ 5.06). Employers make contributions by purchasing "fringe benefit stamps" for each covered employee. The failure to make the required contributions subjects signatories to liquidated damages and interest on untimely payments plus attorney's fees and costs incurred in recovering those damages. (§§ 5.10-5.11).

Plaintiffs submit the affidavit of John Massa, an accountant who performed a payroll examination of defendant for the period of July 1, 2005 through July 31, 2008. The report of the audit lists

seventeen employees, the number of hours they worked each month, and the amount owed. The Court finds that plaintiffs have established they are entitled to collect $86,768.12 in delinquent contributions for the period of July 1, 2005 through July 31, 2008. Pursuant to § 5.11 of the collective bargaining agreement, an additional $895.00, representing the cost of the audit, will also be included in the judgment.

In addition, plaintiffs are entitled to recover liquidated damages, measured as twenty percent of the amount of delinquent contributions, and interest on the delinquent amounts. The affidavit of Mr. Massa, along with the report of the audit, establishes that defendant owes liquidated damages in the amount of $17,353.70, and interest in the amount of $2,323.10. Thus, a total of $106,444.92 is due for delinquent contributions, liquidated damages and interest.

Plaintiffs also submit the affidavit of their attorney, Brian Love. Mr. Love states that his standard hourly rate for his services is $155.00 and that he spent 4.8 hours working on this case, for a fee of $744.00. A legal assistant performed 1 hour of work, billed at $75.00. The Court finds these amounts reasonable and attorney's fees in the amount of $819.00, plus costs in the amount of $350.00 for the filing fee and $49.36 for service of process will be included in the judgment.

Based upon its review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendant KRI Midwest, Inc., in the amount of $108,588.28.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [#12] against defendant Arrow Trenching, Inc., is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2008.